SARAH V. CARRASCO, ESQ.
Nevada Bar No. 8017
GAYLE A. KERN, LTD.
5421 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone (775) 324-5930
Facsimile (775) 324-6173
E-mail: sarahcarrasco@kernltd.com

E-Filed on September 11, 2009

Attorneys for GEMB Lending Inc.
successor in interest to Thor Credit Corp.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

CATHY A. REYES aka
CATHY ANN KENNEDY and
JOHN H. REYES,

Debtors.
_____/

Case No. BK-N-09-51057-gwz
Chapter 13

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

| | |
|---|---|
| Hearing Date: | October 9, 2009 |
| Hearing Time: | 1:30 p.m. |
| Time Req'd: | 5 minutes |
| Set By: | David |

Secured creditor GEMB Lending Inc. successor in interest to Thor Credit Corp. ("GEMB"), by and through its counsel, Gayle A. Kern, Ltd., moves this Court for an order relieving it from the automatic stay that is in effect pursuant to 11 U.S.C. §362 as to Debtors and GEMB on the recreational vehicle described as a 2006 Gulfstream Tourmaster, VIN #4UZAB2CYX6CW51490 ("Collateral"), so that GEMB may be permitted to take whatever legal action necessary and allowed under applicable state law to foreclosure its security interest.

/ / /

/ / /

/ / /

/ / /

This Motion is made pursuant to the provisions of 11 U.S.C. §362 (d), and is based upon the papers and pleadings on file herein, and the points and authorities following.

DATED this 11th day of September, 2009.

GAYLE A. KERN, LTD.

/s/ *Sarah V. Carrasco*
SARAH V. CARRASCO, ESQ.
Attorneys for GEMB Lending Inc.
successor in interest to Thor Credit Corp.

**POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I. <u>Facts</u>

In support of its Motion for an order lifting the stay in this case, GEMB offers the following facts:

1.  GEMB is the secured creditor of a recreational vehicle described as a 2006 Gulfstream Tourmaster, VIN #4UZAB2CYX6CW51490 ("Collateral"), pursuant to a Retail Installment Sale Contract and Security Agreement ("Agreement") dated February 2, 2006 and executed by John Reyes and Cathy A. Reyes, and Certificate of Title, copies of which are attached hereto as Exhibits "B" and "C," respectively. The interest of 10,000 RV Sales Inc. was assigned to Thor Credit Corp. within the Agreement. GEMB succeeded to the interest of Thor Credit Corp.

2.  On April 13, 2009 Debtors filed under Chapter 13 of the Bankruptcy Code.

3.  Debtors identify the Collateral in Schedule "B" of their bankruptcy petition, a copy of which is attached hereto and made a part hereof as Exhibit "D."

4.  Debtors identify the debt owed GEMB in Schedule "D" of their bankruptcy petition, a copy of which is attached hereto and made a part hereof as Exhibit "E."

5.  Debtors' unconfirmed Chapter 13 Plan provides for the monthly payments due

2

GEMB to be made by Debtors outside the Plan, a copy of which is attached hereto and made a part hereof as Exhibit "F."

6. Debtors failed to make the post-petition monthly payment due on June 4, 2009 and all subsequent payments. The arrears total $3,968.71 which represents the June, July, August and September 2009 payments and late charges.

7. The Agreement is, and has been, in default as Debtors failed to make monthly payments due under the terms of the Agreement.

8. GEMB is entitled to the payoff under the Agreement, the payoff under the Agreement is $118,779.92 as of September 9, 2009 and thereafter interest accrues at the contract rate of $22.41 per diem.

9. Debtors estimate the value of the Collateral as $140,000.00 in Schedule "D" of their bankruptcy petition.

10. According to the N.A.D.A. Vehicle Pricing & Information the Collateral may be valued between $120,830.00 and $145,580.00, a copy of the N.A.D.A. for September 2009 is attached hereto and made a part hereof as Exhibit "G."

11. Counsel for GEMB sent the notice required by LR4001 to Debtors' counsel, Jason Rose, requesting resolution; however, GEMB's counsel received no response and as such the instant motion is filed.

II. Discussion

The automatic stay of 11 U.S.C. §362(a) arises on the filing of a petition under the Bankruptcy Code, and that stay generally bars various collection efforts against the debtor, his property and the property of his bankruptcy estate. *Nevada National Bank v. Casgill of Nevada, Inc., (In re Casgill of Nevada, Inc.)*, 22 B.R. 65, 66 (Bankr. 9th Cir. 1982). *See also Cathey v.*

3

*Johns Manville Sales Corp.*, 711 F. 2d 60, 62 (6th Cir. 1983) (the stay of 11 U.S.C. § 362 is automatic and mandatory with the filing of the petition).

Under 11 U.S.C. §362(d), the Court can grant relief from the automatic stay under the following terms:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section if
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362 (d). What constitutes sufficient cause depends on the circumstances of each case. *See* H.R. Rep. No. 595, 95th Con.1st Sess., 343, reprinted in 1977 U.S. Code Cong. & Ad. News 5787.

In this case, Debtors filed under Chapter 13 of the Bankruptcy Code on April 13, 2009. Debtors identify the Collateral and the debt owed GEMB in their bankruptcy petition. Debtors' Chapter 13 Plan provides for the monthly payments due GEMB to be made outside their Chapter 13 Plan. Debtors failed to make the payment due on June 4, 2009 and all subsequent payments. The arrears total $3,968.71. Debtors are in breach of the Agreement and of the proposed Chapter 13 Plan. GEMB is entitled to the payoff of its debt in the amount of $118,779.92 as of September 9, 2009 and thereafter interest at the per diem of $22.41 until paid in full. According to the N.A.D.A. the Collateral may be valued between $120,830.00 and $145,580.00. Accordingly, the

automatic stay is requested to be modified or terminated as to Debtors and the Collateral to permit GEMB to take whatever legal action is necessary and allowed under applicable state law.

In addition, the Court is requested to waive the requirement imposed by Bankruptcy Rule 4001(a)(3), so that the court's order terminating the automatic stay is effective immediately upon entry of the order as the value of the Collateral diminishes daily and by Debtors' continued use of the Collateral there is risk of damage and/or total destruction. Further, GEMB has no evidence of current insurance. In this instance waiver of the requirement imposed by Bankruptcy rule 4001(a)(3) would be appropriate.

Further, GEMB has incurred attorney's fees of $450.00 and costs of $150.00 for having to bring this motion. As GEMB's debt is oversecured GEMB requests attorney's fees and costs for the filing of this motion.

Respectfully submitted this 11th day of September, 2009.

                        GAYLE A. KERN, LTD.

                        /s/ Sarah V. Carrasco
                        SARAH V. CARRASCO, ESQ.
                        Attorneys for GEMB Lending Inc.
                        successor in interest to Thor Credit Corp.